UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STANLEY ROBINSON,

   Petitioner,

v().                              Case No. 3:25cv201-LC-HTC

FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA PAROLE AND PROBATION DEPARTMENT,

   Respondents.
_____/

REPORT AND RECOMMENDATION

Petitioner Stanley Robinson initiated this matter by filing a petition under 28 U.S.C. § 2254, seeking habeas corpus relief. Doc. 1. For the reasons set forth below, this case should be dismissed for failure to prosecute, to keep the Court apprised of his address, and to comply with orders of the Court.

On March 3, 2025, the Court ordered Robinson to, within thirty (30) days, file a complete application to proceed *in forma pauperis* or pay the $5.00 filing fee. Doc. 3. The Court advised Robinson that his failure to follow the Court's Order could result in a recommendation that this case be dismissed. *Id.*

The March 3, 2025, Order was sent to 205 Baker Street NW, Fort Walton Beach, Florida, 32548-3449 (an address provided by Robinson) as well as to Charlotte Correctional Institution ("CCI"), which forwarded it to Okaloosa

Correctional Institution. Although the mail was returned from Okaloosa CI, it was not returned from the Baker Street address. According to the returned mail form, Robinson was released from State custody on February 20, 2025, and is "homeless." Doc. 4. Nonetheless, out of an abundance of caution, the Court, on April 10, 2025, gave Robinson one final opportunity to show cause by April 24, 2025, why this case should not be dismissed for (1) failure to update his address; (2) failure to prosecute; and (3) failure to follow an order of the Court. Doc. 5. The time for responding to that show cause order has passed with no response or notice of address change filed by Robinson.

At the outset of this case, Petitioner was sent a Notice to Pro Se Litigant, specifically informing him that "[t]hroughout this case, you are required to advise the Clerk's Office **in writing** of any change in your mailing address by filing a Notice of Change of Address." Doc. 2 (sent February 27, 2025 and not returned to the Court). The Court reminded Petitioner of this obligation in every order the Court issued to him. Nonetheless, the Court does not have a current address for Baker and, thus, cannot communicate with him. The Court has received no communication from Baker since he initiated this action in February. Thus, this action should be dismissed for Baker's failure to prosecute, failure to follow the Court's orders, and failure to keep the Court apprised of his current address. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433

Case No. 3:25cv201-LC-HTC

F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (the district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits"); *see Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint.").

Accordingly, it is RECOMMENDED that:

1. The Petition at Doc. 1 be DISMISSED WITHOUT PREJUDICE for Petitioner's failure to prosecute, to keep the Court apprised of his address, and to comply with an order of the Court.

2. The clerk be directed to close the file.

DONE in Pensacola, Florida, this 5th day of May, 2025.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.